UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOEL URIBE,

    Plaintiff,

v.

E. SHINNETTE, et al.,

    Defendants.

No. 2:18-cv-0689 JAM DB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges Eighth Amendment claims of excessive force and failure to protect. Before the court are plaintiff's motions for the appointment of counsel and for a temporary restraining order ("TRO"). For the reasons set forth below, the court will deny the motion for appointment of counsel and recommend denial of the motion for a TRO.

**BACKGROUND**

Plaintiff is currently confined at California State Prison – Corcoran ("CSP-Corcoran"). He alleges that in 2017 when he was incarcerated at California State Prison – Sacramento ("CSP-Sac") he was subjected to excessive force by defendants Shinnette, White, Camacho, and Brewer. He further alleges that defendants Dillon, Hampton, and Bullard were aware of the use of excessive force and failed to protect him. On June 19, 2018, the court found service of the complaint appropriate on these seven defendants. (ECF No. 8) On October 12, 2018, defendants

filed an answer. (ECF No. 21.) And, on October 19, the court issued a Discovery and Scheduling Order. (ECF No. 24.) Plaintiff filed the pending motions for the appointment of counsel and for a temporary restraining order on October 25. (ECF Nos. 25, 26.)

**MOTION FOR THE APPOINTMENT OF COUNSEL**

Plaintiff states that he requires the appointment of counsel because officials at CSP-Corcoran are "messing with [his] paperwork" by returning 602 appeals too slowly.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances. However, plaintiff is advised that if he has trouble obtaining the documents necessary to prosecute this action, he may seek assistance from the court.

**MOTION FOR TEMPORARY RESTRAINING ORDER**

**I.    Legal Standards**

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

1 | Alternatively, under the so-called sliding scale approach, as long as the plaintiff
2 | demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the
3 | public interest, a preliminary injunction may issue so long as serious questions going to the merits
4 | of the case are raised and the balance of hardships tips sharply in plaintiff's favor. <u>Alliance for
5 | the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the
6 | "serious questions" version of the sliding scale test for preliminary injunctions remains viable
7 | after <u>Winter</u>).

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. <u>See</u> 9 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. Preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. <u>See</u> <u>Zepeda v. United States Immigration Serv.</u>, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claims . . . .").

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. <u>See</u> <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 110

////
////
////
////
////
////
////

(1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").[1]

**II. Analysis**

Plaintiff appears to be seeking a TRO to prevent his transfer back to CSP-Sac. He states that he fears that defendants will try to kill him if he is returned there. (ECF No. 25.)

The court finds no factual or legal basis for plaintiff's motion for several reasons. First, plaintiff fails to explain why he fears defendants will attempt to harm him if he is returned to CSP-Sac. Second, plaintiff fails to show that defendants have any control over where he is housed. Therefore, any TRO issued in this case would not be effective in addressing a possible transfer. See Zenith Radio Corp., 395 U.S. at 110. Finally, the court notes that prisoners do not have a constitutional right to be housed in a particular facility. See Meachum v. Fano, 427 U.S. 215, 255 (1976); McCune v. Lile, 536 U.S. 24, 38 (2002).

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 26) is denied.

Further, IT IS RECOMMENDED that plaintiff's motion for a temporary restraining order (ECF No. 25) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

////

---

[1] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 29, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/urib0689.tro