UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL URIBE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>E. SHINNETTE, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-0689 JAM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges Eighth Amendment claims of excessive force and failure to protect. Before the court are plaintiff's motions for a temporary restraining order ("TRO") and for return of his legal property. For the reasons set forth below, the court will deny the motion for return of property without prejudice and recommend denial of the motion for a TRO.

**BACKGROUND**

Plaintiff alleges that in 2017 when he was incarcerated at California State Prison – Sacramento ("CSP-Sac") he was subjected to excessive force by defendants Shinnette, White, Camacho, and Brewer. He further alleges that defendants Dillon, Hampton, and Bullard were aware of the use of excessive force and failed to protect him. On June 19, 2018, the court found

////

service of the complaint appropriate on these seven defendants. (ECF No. 8) On October 12, 2018, defendants filed an answer. (ECF No. 21.)

On October 25, plaintiff filed a motion for a temporary restraining order to prevent his transfer from California State Prison – Corcoran ("CSP-Corcoran"), where he was housed at the time, back to CSP-Sac. (ECF No. 25.) The court denied that motion. (ECF Nos. 27, 38.) On October 31, defendants filed a motion for summary judgment in which they allege plaintiff failed to exhaust his administrative remedies and comply with the Government Claims Act before filing this action. (ECF No. 28.)

On November 28, 2018, plaintiff filed a second motion for a TRO. (ECF No. 33.) Plaintiff requests protection from defendants and a transfer back to CSP-Corcoran. In addition, plaintiff states that he was not permitted to take his legal property when he was transferred from CSP-Corcoran to CSP-Sac. In a document filed on December 10, plaintiff requests return of his legal property. (ECF No. 37.) On December 20, plaintiff filed an opposition to the summary judgment motion. (ECF No. 39.)

**ACCESS TO LEGAL PROPERTY**

In his request for the return of his legal property, plaintiff states that as of December 5, he did not have possession of that property, despite numerous requests for it. (ECF No. 37.) However, plaintiff has attached to his opposition to the summary judgment motion copies of documents which he contends show that he exhausted his administrative remedies. It appears that after December 5 and before December 16, the date of his opposition, plaintiff regained access to his legal property. Accordingly, the court will deny plaintiff's request. However, if plaintiff does not have access to some of the legal property he requires to proceed with this case, he may file a renewed request.

**TEMPORARY RESTRAINING ORDER**

Plaintiff states that in mid-November he was transferred to CSP-Sac and placed on suicide watch. (ECF No. 33.) He further states that defendants Shinnette and Hampton work at CSP-Sac and he is concerned that they will do something to get plaintiff killed by his enemies there. Plaintiff seeks a "temporary restraining order on all my defendants," apparently to prevent them

from taking any such action. He also seeks a transfer to a prison where none of the defendants work.

Plaintiff's current motion is similar to his prior one, which this court denied. (See ECF Nos. 27, 38.) Again, plaintiff provides no basis for this court to conclude that he may suffer any harm from defendants. Preliminary injunctive relief is only appropriate when there is a significant and imminent threat of irreparable injury. Caribbean Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). Further, as plaintiff was informed previously, he has no right to be housed in a particular facility. See Meachum v. Fano, 427 U.S. 215, 255 (1976); McCune v. Lile, 536 U.S. 24, 38 (2002). Plaintiff's motion for a TRO should be denied.

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's request for access to his legal property (ECF No. 37) is denied without prejudice; and

IT IS RECOMMENDED that plaintiff's motion for a TRO (ECF No. 33) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 27, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/urib0689.tro2

3