UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL URIBE,<br><br>            Plaintiff,<br><br>    v.<br><br>E. SHINNETTE, et al.,<br><br>            Defendants. | No. 2:18-cv-0689 JAM DB P<br><br><br><br>ORDER |

        Plaintiff is a state prisoner proceeding pro se with a civil rights action. Plaintiff alleges Eighth Amendment claims of excessive force and failure to protect. In a document filed January 11, 2019, plaintiff moves: (1) to withdraw his opposition to defendants' summary judgment motion, (2) to file a new opposition or a "replication brief," (3) for the court to enter a scheduling order, and (4) for the appointment of counsel. (ECF No. 43.) For the reasons set forth below, the court will permit plaintiff to re-submit his motion as a request to file a sur-reply. In all other respects, the court will deny plaintiff's motion.

        Plaintiff seeks to "cure the deficiencies" in his opposition to defendants' summary judgment motion by filing a new opposition. In the alternative, plaintiff appears to be seeking the right to file a response to defendants' reply brief. The court understands that plaintiff is frustrated by his lack of knowledge of the law. However, plaintiff was given ample time, including a 60-

////

day extension of time, to file his opposition. (See ECF No. 32.) The court will not allow plaintiff to withdraw that document or replace it with a new opposition brief.

The court will permit plaintiff to re-file his motion to show that he should be entitled to file a response to defendants' reply brief, called a "sur-reply." While the Local Rules do not authorize the routine filing of a sur-reply, E.D. Cal. R. 230(l), the court may allow a sur-reply "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, No. CVF05869RECTAG, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005); accord Norwood v. Byers, No. 2:09-cv-2929 LKK AC P, 2013 WL 3330643, at *3 (E.D. Cal. July 1, 2013) (granting the motion to strike the sur-reply because "defendants did not raise new arguments in their reply that necessitated additional argument from plaintiff, plaintiff did not seek leave to file a sur-reply before actually filing it, and the arguments in the sur-reply do not alter the analysis below"), rep. and reco. adopted, 2013 WL 5156572 (E.D. Cal. Sept. 12, 2013). If plaintiff can show that new arguments were raised in defendants' reply brief or another valid reason to file a sur-reply, he may be permitted to do so.

With respect to plaintiff's remaining requests, the court first notes that a scheduling order is not appropriate at this time. Plaintiff's second request is for the appointment of counsel. He argues that he is inexperienced in the law and is unable to counter defendants' many legal arguments.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to withdraw his opposition to the summary judgment motion and file a new opposition brief (ECF No. 43) is denied.
2. Within thirty days of the date of this order, plaintiff may file a motion to submit a sur-reply. Plaintiff is cautioned that he must give the court a valid reason to file a sur-reply, such as showing that defendants raised new issues in their reply brief that necessitate a response from him.
3. Plaintiff's motion for the issuance of a scheduling order (ECF No. 43) is denied.
4. Plaintiff's motion for the appointment of counsel (ECF No. 43) is denied.

Dated: February 1, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/urib0689.31(2)

3