UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOEL URIBE,

    Plaintiff,

v.

E. SHINNETTE, et al.,

    Defendants.

No. 2:18-cv-0689 JAM DB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants violated his Eighth Amendment rights by using excessive force and by failing to intervene. Before the court are defendants' motions for summary judgment and judicial notice and plaintiff's motion to file a sur-reply. For the reasons set forth below, this court will grantd defendants' motion for judicial notice and plaintiff's motion to file a sur-reply and will recommend defendants' motion for summary judgment on the issue of exhaustion be granted.

**BACKGROUND**

This case is proceeding on plaintiff's original complaint filed here on March 29, 2018. (ECF No. 1.) Plaintiff alleged that on May 2, 2017, defendants Correctional Officers Shinnette, White, Camacho, and Brewer were moving plaintiff to another cell. During that move, while plaintiff was shackled and without provocation, they pushed plaintiff to the ground, struck him in

the head, punched him, and kicked him. He further alleged defendants Correctional Officers Dillon, Hampton, and Bullard either knew the attack had been planned or were present during the attack and failed to stop it. On screening, the court found plaintiff stated the following cognizable claims: (1) excessive force in violation of the Eighth Amendment against defendants Shinnette, White, Camacho, and Brewer; (2) failure to protect in violation of the Eighth Amendment against defendants Dillon, Hampton, and Bullard; and (3) a state law claim of battery. (ECF Nos. 8, 15.) Defendants answered the complaint on October 12, 2018. (ECF No. 21.)

On October 31, defendants filed the present motions for summary judgment and for judicial notice. (ECF Nos. 28, 29.) On December 6, this court granted defendants' motion to stay discovery, except discovery pertaining to the exhaustion issues raised in the motion for summary judgment. (ECF No. 35.) Plaintiff filed an opposition to the motion for summary judgment (ECF No. 39) and defendants filed a reply (ECF No. 40). Plaintiff then sought to file a new opposition or a sur-reply. (ECF No. 43.) The court informed plaintiff that he could not withdraw his opposition and that he must make a proper motion to file a sur-reply. (ECF No. 45.) On March 4, 2019, plaintiff filed a motion to submit a sur-reply. (ECF No. 48.) Defendants have not filed an opposition to that motion.

## MOTION FOR SUMMARY JUDGMENT

Defendants contend that the undisputed facts show that plaintiff did not exhaust his administrative remedies prior to filing this suit. Plaintiff argues both that he should be excused from exhaustion and that one of his appeals exhausted the claims raised in this case.

Defendants further argue that plaintiff's state law battery claim is barred because he did not comply with the Government Claims Act. Because the court finds below that plaintiff failed to exhaust the remedies on his federal law claims, the court need not reach exhaustion issues regarding plaintiff's state law claim. Absent any actionable federal claims, this court will not

////
////
////
////

exercise supplemental jurisdiction over the state law claim.[1]  28 U.S.C. § 1367(a); <u>Herman Family Revocable Trust v. Teddy Bear</u>, 254 F.3d 802, 805 (9th Cir. 2001).

**I.     Legal Standards**

**A.  Summary Judgment Standards under Rule 56**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Under summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact."  <u>In re Oracle Corp. Sec. Litigation</u>, 627 F.3d 376, 387 (9th Cir. 2010) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(A), (B).

When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the nonmoving party's case."  <u>Oracle Corp.</u>, 627 F.3d at 387 (citing <u>Celotex</u>, 477 U.S. at 325.); <u>see also</u> Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  <u>See</u> <u>Celotex</u>, 477 U.S. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  <u>Id.</u>  In such a

////

---

[1] Plaintiff argues that his battery claim is not a state law claim requiring compliance with the Government Claims Act because he is bringing it under 42 U.S.C. § 1983.  However, battery is not a cognizable claim under § 1983.  By its terms, § 1983 applies only to claims alleging a violation of constitutional rights.  Therefore, plaintiff's battery claim can only be considered as a state law tort claim.

3

circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party typically may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. However, a complaint that is submitted in substantial compliance with the form prescribed in 28 U.S.C. § 1746 is a "verified complaint" and may serve as an opposing affidavit under Rule 56 as long as its allegations arise from personal knowledge and contain specific facts admissible into evidence. See Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir. 1995) (accepting the verified complaint as an opposing affidavit because the plaintiff "demonstrated his personal knowledge by citing two specific instances where correctional staff members . . . made statements from which a jury could reasonably infer a retaliatory motive"); McElyea v. Babbitt, 833 F.2d 196, 197–98 (9th Cir. 1987); see also El Bey v. Roop, 530 F.3d 407, 414 (6th Cir. 2008) (Court reversed the district court's grant of summary judgment because it "fail[ed] to account for the fact that El Bey signed his complaint under penalty of perjury pursuant to 28 U.S.C. § 1746. His verified complaint therefore carries the same weight as would an affidavit for the purposes of summary judgment."). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

To show the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be

shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (citations omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all reasonable inferences supported by the evidence in favor of the non-moving party." Walls v. Central Contra Costa Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

**B. Legal Standards for Exhaustion of Administrative Remedies**

    **1. PLRA Exhaustion Requirement**

The Prison Litigation Reform Act of 1995 (PLRA) mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Compliance with deadlines and other critical prison grievance rules is required to exhaust. Woodford v. Ngo, 548 U.S. 81, 90 (2006) (exhaustion of administrative remedies requires "using all steps that the agency holds out, and doing so properly"). "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,'— rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88); see also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'") (quoting Jones, 549 U.S. at 218).

Although "the PLRA's exhaustion requirement applies to all inmate suits about prison life," Porter v. Nussle, 534 U.S. 516, 532 (2002), the requirement for exhaustion under the PLRA is not absolute, Albino v. Baca, 747 F.3d 1162, 1172-72 (9th Cir. 2014) (en banc). As explicitly stated in the statute, "[t]he PLRA requires that an inmate exhaust only those administrative remedies 'as are available.'" Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (quoting 42 U.S.C. § 1997e(a)) (administrative remedies plainly unavailable if grievance was screened out for improper reasons); see also Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) ("Remedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available."). "We have recognized that the PLRA therefore does not require exhaustion when circumstances render administrative remedies 'effectively unavailable.'" Sapp, 623 F.3d at 822 (citing Nunez, 591 F.3d at 1226); accord Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.' Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance.").

Dismissal of a prisoner civil rights action for failure to exhaust administrative remedies must generally be brought and decided pursuant to a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure. Albino, 747 F.3d at 1168. "Nonexhaustion" is "an affirmative defense" and defendants have the burden of "prov[ing] that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Id. at 1171-72. A remedy is "available" where it is "capable of use; at hand." Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting Albino, 747 F.3d at 1171). Grievance procedures that do not allow for all types of relief sought are still "available" as long as the procedures may afford "some relief." Booth v. Churner, 532 U.S. 731, 738 (2001). If a defendant meets the initial burden, a plaintiff then must "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino, 747 F.3d at 1172. Remedies are "effectively unavailable" where they are "ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." Id.
////

(quoting Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)). "[T]he ultimate burden of proof," however, never leaves the defendant. Id.

### 2. California's Inmate Appeal Process

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Inmates in California proceed through three levels of appeal to exhaust the appeal process: (1) formal written appeal on a CDC 602 inmate appeal form; (2) second level appeal to the institution head or designee; and (3) third level appeal to the Director of the California Department of Corrections and Rehabilitation ("CDCR"). Cal. Code Regs. tit. 15, § 3084.7. Under specific circumstances, the first level review may be bypassed. Id. The third level of review constitutes the decision of the Secretary of the CDCR and exhausts a prisoner's administrative remedies. See id. § 3084.7(d)(3). However, a cancellation or rejection decision does not exhaust administrative remedies. Id. § 3084.1(b).

A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002). In submitting a grievance, an inmate is required to "list all staff members involved and shall describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(3). Further, the inmate must "state all facts known and available to him/her regarding the issue being appealed at the time," and he or she must "describe the specific issue under appeal and the relief requested." Id. §§ 3084.2(a)(4). The appeal should not involve multiple issues that do not derive from a single event. Id. § 3084.6(b)(8).

An inmate has thirty calendar days to submit his or her appeal from the occurrence of the event or decision being appealed, or "upon first having knowledge of the action or decision being appealed." Cal. Code Regs. tit. 15, § 3084.8(b).

////

////

**C. Judicial Notice**

Defendants request that the court take judicial notice of documents regarding plaintiff's Government Claims Act filings. (ECF No. 29.) "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Plaintiff does not object to defendants' request for judicial notice. Because the documents are public records, the court will grant defendants' request.

**D. Motion to File Sur-reply**

Plaintiff moves to file a sur-reply. (ECF No. 48.) Defendants did not file an opposition to the motion. The Local Rules do not authorize the routine filing of a sur-reply. E.D. Cal. R. 230(l). A district court may allow a sur-reply "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, No. CVF05869RECTAG, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005); accord Norwood v. Byers, No. 2:09-cv-2929 LKK AC P, 2013 WL 3330643, at *3 (E.D. Cal. July 1, 2013) (granting the motion to strike the sur-reply because "defendants did not raise new arguments in their reply that necessitated additional argument from plaintiff, plaintiff did not seek leave to file a sur-reply before actually filing it, and the arguments in the sur-reply do not alter the analysis below"), rep. and reco. adopted, 2013 WL 5156572 (E.D. Cal. Sept. 12, 2013).

Plaintiff demonstrates that defendants raised some new issues in their opposition – such as their objections to plaintiff's exhibits. Based on plaintiff's pro se status, and out of an abundance of caution, this court will grant plaintiff's motion and considers below plaintiff's sur-reply.

**II.    Undisputed Material Facts**

Defendants filed a Statement of Undisputed Facts ("DSUF") as required by Local Rule 260(a). (ECF No. 28-3.) Plaintiff's filing in opposition to defendants' motion for summary judgment fails to comply with Local Rule 260(b). (ECF No. 39.) Rule 260(b) requires that a party opposing a motion for summary judgment "shall reproduce the itemized facts in the

Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." Plaintiff's opposition to the summary judgment motion is a summary of his "proof" of exhaustion and several exhibits. Defendants object to plaintiff's exhibits as lacking foundation. Some of plaintiff's exhibits are identical to those submitted by defendants. The court does not rule on defendants' objections to the remaining exhibits because the undersigned has not relied on any of those exhibits in these findings and recommendations.

In light of plaintiff's pro se status, the court has reviewed plaintiff's filings in an effort to discern whether he denies any material fact asserted in defendants' DSUF or has shown facts that are not opposed by defendants. The court considers the statements plaintiff made in his verified complaint and opposition brief, of which he has personal knowledge, and relevant exhibits. Because plaintiff did not sign his sur-reply under penalty of perjury, this court may not consider plaintiff's statements therein as competent evidence on summary judgment. See Estrella v. Brandt, 682 F.2d 814, 819-20 (9th Cir. 1982); Harris v. Shelland, No. 15cv2442-MMA-JLB, 2017 WL 2505287, at *4 (S.D. Cal. June 9, 2017) ("neither an unverified complaint nor unsworn statements made in the parties' briefs can be considered as evidence at this [summary judgment] stage"); cf. Lopez v. Country Ins. & Fin. Servs., 252 F. App'x 142, 144 n.2 (9th Cir. 2007) (if pro se party had signed pleadings or motions under penalty of perjury, court would have been required to treat statements made therein as evidence).

Below, the court lists the undisputed, material facts. Any disputed material facts are addressed in the discussion of the merits of defendants' motion below.

- Plaintiff is an inmate in the custody of the CDCR. (DSUF #1.)
- Plaintiff filed this action in March 2018 regarding an incident at California State Prison, Sacramento ("CSP-Sac") in May 2017. (DSUF #2.)
- In his complaint, plaintiff alleges some defendants beat him without justification in violation of the Eighth Amendment. He alleges other defendants failed to

////

intervene, also in violation of the Eighth Amendment. He further states a state law claim for battery. (DSUF ##3, 4.)

- Between May 2017 and March 2018, plaintiff submitted three non-medical appeals to CSP-Sac's appeals office that were accepted for review. He also submitted three appeals that were screened out, rejected or cancelled for plaintiff's failure to properly submit them. Each time an appeal was rejected, plaintiff was instructed how to correct the issue.

- In an appeal dated May 15, 2017, plaintiff complained that on May 2, defendants Shinnette, Brewer, and Camacho beat him without justification. This appeal was assigned no. SAC-P-17-01709. (Ex. B to Burnett Decl. (ECF No. 28-5 at 6, 8, 10).)

- The first level of review for appeal no. SAC-P-17-01709 was bypassed. (Id. at 6-9).

- In the second level response to appeal no. SAC-P-17-01709, dated June 19, 2017, plaintiff was informed that his appeal was partially granted and the matter was being referred to the prison's Internal Affairs Unit for review and possible investigation. (Id. at 4.) Plaintiff was further advised that if he wished to appeal the decision, he must appeal through all levels of review, "up to, and including, the Secretary's Level of Review." (Id. at 4-5.)

- In a memorandum dated January 22, 2018 and addressed to plaintiff, the CSP-Sac Appeals Coordinator informed plaintiff that the allegations in his appeal no. SAC-P-17-01709 were evaluated and it was determined that there was no violation of CDCR policy and "no further action will be taken with regard to your complaint." The memorandum concluded with the following:

  > **This response does not limit or restrict the availability of further relief via the inmate appeals process.** If you have not already done so, and you wish to further appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's Level of Review.

> With the rendering of a decision at the Third Level of Review your administrative remedies will be considered exhausted.

(Id. at 12 (emphasis in original).) This document is referred to as the Office of Internal Affairs ("OIA") "closure memo."

- Plaintiff did not submit appeal no. SAC-P-17-01709 to the third level of review. (DSUF #17.)

- On August 22, 2017, plaintiff submitted an appeal in which he challenged a July 27, 2017 guilty finding on a rules violation for battery on defendant Shinnette. He also stated that Shinnette and Camacho violated his Eighth Amendment rights when they sent him to the hospital and that he suffered stitches on his forehead, three cracked ribs, and a loss of hearing in one ear. The appeal was assigned no. SAC-B-17-03269. (Ex. C to Burnett Decl. (ECF No. 28-5 at 15-17).)

- The first level of review for appeal no. SAC-B-17-03269 was bypassed. (Id. at 15, 16, 18.)

- The second level response to appeal no. SAC-B-17-03269 is dated September 21, 2017. The reviewer stated that a thorough inquiry had been conducted. The reviewer then summarized the rules violation report ("RVR") and the proceedings for the hearing on the RVR. The response contained the following note:

  > **NOTE:** Only the Due Process issues relating to your Rules Violation Report (RVR) Log #2716630 will be addressed in this response. The allegations of Staff Misconduct were addressed in appeal Log #SAC-P-17-01709; therefore, they will not be addressed in this appeal response.

  The appeal was denied "as you have failed to bring forth any additional evidence or information to support your claim, and warrant the RVR be dismissed." (Id. at 19.)

- Plaintiff submitted a challenge to the second level response to appeal no. SAC-B-17-03269 to the third level of review. In statements signed on October 9, 2017, he argued that he could not have assaulted Shinnette. (Id. at 16, 18.)

////

11

- The third level response to plaintiff's appeal no. SAC-B-17-03269 is dated March 2, 2018. Therein, plaintiff was informed that the reviewer found he had been afforded all the required due process protections in his RVR hearing and his appeal was denied. (Ex. B to Voong Decl. (ECF No. 28-7 at 7-8).)
- On March 11, 2018, plaintiff submitted an inmate appeal in which he stated that he was "re-introducing" his prior 602 regarding battery by correctional officers. Plaintiff argued that he never received a notice that the second level investigation had been completed or that he could then appeal to the third level. He further argued that he had a right to staff assistance in completing the appeals process. This appeal was assigned no. SAC-P-18-01105. (Ex. E to Burnett Decl. (ECF No. 28-6 at 9, 11).)
- In a response from the CSP-Sac appeals coordinator, dated March 20, 2018, plaintiff was informed that his appeal no. SAC-P-18-01105 was cancelled for untimeliness. He was informed that staff documented that plaintiff received the "OIA closure memo" on January 30, 2018. A copy of the form showing that plaintiff was provided a copy of the OIA closure memo and that it was read to him was provided with the response. The response further stated that plaintiff had not been in housing during that time that would have prevented him from submitting his original appeal for timely filing. (Id. at 6-8.)
- Plaintiff attempted to appeal the cancellation of appeal no. SAC-P-18-01105. However, the appeal was not considered and was returned to him because he failed to provide a copy of the original appeal form. (Id. at 24.) There is no indication in the record that plaintiff attempted to resubmit that appeal with the appropriate form.

### III. Analysis

#### A. Did Plaintiff Exhaust Appeal No. SAC-P-17-01709?

There is no dispute that plaintiff raised claims of excessive force in appeal no. SAC-P-17-01709 and that he did not submit that appeal to the third level of review. Accordingly, he failed

12

to exhaust that appeal. Woodford, 548 U.S. at 88, 90. With respect to appeal no. SAC-P-17-01709, defendants have met their initial burden of proof.

**B. Has Plaintiff Established that Administrative Remedies were Unavailable?**

When defendants have met their initial burden of showing a failure to exhaust, the burden then shifts to plaintiff to "come forward with some evidence showing" that "there is something in his particular case that made the existing and generally available remedies unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" Williams, 775 F.3d at 1191 (quoting Hilao, 103 F.3d at 778 n.5).

In his opposition brief, plaintiff claims ignorance of the method to exhaust. However, the exhibits belie his claim that he was confused as to whether he was required to further appeal his grievance or did not understand how to do so. The second level response told plaintiff he must appeal to the third level of review to exhaust his remedies. Then, when plaintiff was informed of the results of the investigation, he was very clearly told that he must submit his appeal to the third level of review to exhaust his remedies. This is not an instance where the administrative rules are so confusing that no prisoner could navigate them. Ross v. Blake, 136 S. Ct. 1850, 1859 (2016) (one instance in which inmate may excused from exhaustion is if the "administrative scheme ... [is] so opaque that it becomes, practically speaking, incapable of use ..." and "no ordinary prisoner can discern or navigate it.") Here, the grievance documents, the plain text of the regulations, and both responses to plaintiff's appeal specifically required that plaintiff resubmit his grievance to the third level of review before the administrative remedies were deemed exhausted.

Moreover, plaintiff demonstrated that he understood the necessity of submitting an appeal to the third level. He submitted appeal no. SAC-B-17-03269 to the third level of review prior to receiving the final decision on appeal no. SAC-P-17-01709. Plaintiff does not explain why he understood that he needed to advance one appeal but not the other.

In his sur-reply, plaintiff adds additional arguments. He contends that because his appeal was partially granted at the second level of review and monetary damages are unavailable from CDCR, he was not required to further pursue his claim. Plaintiff's contention is not legally

1  supported. This is not a case in which plaintiff received satisfaction from the partial grant of his
2  second level appeal. See Harvey v. Jordan, 605 F.3d 681, 685 (9th Cir. 2010). Rather, the
3  conclusion reached was that staff had violated no prison policy. Plaintiff was specifically
4  directed to file an appeal to the third level of review if he wished to exhaust his claim. Further,
5  the fact that the relief plaintiff sought, damages, was not available from the prison does not
6  excuse his failure to exhaust. Booth, 532 U.S. at 741 (PLRA requires complete administrative
7  exhaustion "regardless of the relief offered through administrative procedures").

8  Plaintiff also alleges that he failed to exhaust because he was unavailable at the time he
9  was required to do so. According to plaintiff, he was in a crisis bed at that time. (ECF No. 48 at
10 6.) Plaintiff does not specify what "that time" was nor does he provide any evidence to support
11 this statement. The relevant time period is the month following plaintiff's receipt of the OIA
12 closure memo on January 30, 2018. To the extent this is the time period to which plaintiff refers,
13 his statement directly conflicts with defendants' evidence showing that when plaintiff's appeal
14 no. SAC-P-18-01105 was cancelled for untimeliness, staff checked and plaintiff had not been in
15 housing during the month following January 30 that would have prevented him from submitting
16 his original appeal for timely filing to the third level. In any event, this court does not find that
17 conflict creates an issue of material fact regarding whether plaintiff's administrative remedies
18 were unavailable to him. As set forth above, this court may not take plaintiff's unsworn
19 statement, made for the first time in his sur-reply, as evidence. Accordingly, plaintiff fails to
20 establish that administrative remedies were unavailable for him to fully exhaust appeal no. SAC-
21 P-17-01709.

22 **C. Did Plaintiff's Appeal No. SAC-B-17-03269 Exhaust his Claims Herein?**

23 Plaintiff argues that his appeal no. SAC-B-17-03269 exhausted his administrative
24 remedies for his claims herein. Plaintiff points to statements he made in that appeal in which he
25 stated that Shinnette and Camacho violated his Eighth Amendment rights when they "sent him to
26 the hospital" and that he suffered stitches on his forehead, three cracked ribs, and a loss of hearing
27 in one ear. In addition to seeking dismissal of his RVR, plaintiff stated that he wanted to file a
28 lawsuit for $500,000. The focus of the appeal was, however, as plaintiff explained therein, to

appeal his RVR. Plaintiff specifically stated that the subject of the appeal was "appealing 115 RVR 000000002716630." (ECF No. 28-5 at 15.) Where the form asked for supporting documents, plaintiff stated: "I'm just appealing my (115) RVR." (Id.) In his appeal of the second level response, plaintiff argued only that he did not assault, and could not have assaulted, Shinnette.

Plaintiff had no reason to think he was exhausting his Eighth Amendment claims against defendants here by appealing the RVR. In the second level response, plaintiff was specifically told that the reviewer was only considering the due process issues associated with the RVR hearing. Plaintiff was informed that "[t]he allegations of Staff Misconduct were addressed in appeal Log #SAC-P-17-01709; therefore, they will not be addressed in this appeal response." Plaintiff received that information before he received the OIA closure memo. Therefore, when he received that memo instructing him to submit his appeal to the third level of review if he wished to exhaust it, plaintiff should well have understood that he needed to send appeal no. SAC-P-17-01709 to the third level of review.

**D. Conclusion**

While this court has some sympathy for plaintiff's attempts to exhaust his Eighth Amendment claims, this court is not able to excuse an inmate's failure to comply with applicable regulations. See Ross, 136 S. Ct. at 1857 (noting that "mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion."). The only escape hatch by which a court may excuse a failure to exhaust is where it finds that administrative remedies were unavailable. Id. at 1857-62. Here, remedies were plainly available. Plaintiff could have timely resubmitted appeal no. SAC-P-17-01709 to the third level of review but he failed to do so. Further, plaintiff's appeal no. SAC-B-17-03269 did not serve to exhaust his Eighth Amendment claims and plaintiff was specifically informed of that fact.

Based on the foregoing, the court concludes that administrative remedies were available to plaintiff, but he failed to exhaust them. Thus, his claims must be dismissed. The dismissal should be without prejudice because the Ninth Circuit has routinely held dismissal for failure to exhaust administrative remedies should be without prejudice. See, e.g., Armstrong v. Scribner,

350 F. App'x 186, 187 (9th Cir. 2009) (vacating in part order dismissing an action with prejudice for failure to exhaust administrative remedies and remanding for dismissal without prejudice).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' request for judicial notice (ECF No. 29) is granted; and
2. Plaintiff's motion to file a sur-reply (ECF No. 48) is granted.

Further, IT IS HEREBY RECOMMENDED that defendants' motion for summary judgment (ECF No. 28) be granted and this action be dismissed without prejudice for failure to exhaust.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 21, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/urib0689.msj exh.fr

16